UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:11-CR-00024-TBR

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2012 AUG 10 PM 3: 00

UNITED STATES OF AMERICA
V.
TONY GLENN HARVEY

# JURY INSTRUCTIONS

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendant has pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the government tells a defendant what crimes he is accused of committing. It does not even raise a suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that a defendant is guilty and this burden stays on the government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

## Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 4

## Count One - To Knowingly Transport a Minor in Interstate Commerce with the Intent to Engage in Sexual Activity for which any Person can be charged with a Criminal Offense

Title 18, United States Code, Section 2423(a), makes it a federal crime for any person to knowingly transport an individual who has not attained the age of 18 years in interstate commerce with the intent that the individual engage in sexual activity for which any person can be charged with a criminal offense. Count One (1) of the indictment charges the Defendant, Tony Glen Harvey, with the commission of this crime.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That in or about July of 2011, the defendant knowingly transported Lindsey in interstate commerce;

(2)     That when the defendant did these acts, Lindsey was less than 18 years old; AND

(3)     That at the time of the transportation, the defendant intended that Lindsey would engage in unlawful sexual activity.

In the subsequent instructions, I will give you a more detailed description of some of these terms.

It is not necessary for the Government to prove anyone actually engaged in illegal sexual activity after being transported across state lines. Rather, the Government must prove beyond a reasonable doubt that Lindsey was knowingly transported across state lines by the defendant and that the defendant intended at the time for Lindsey to engage in illegal sexual activity.

5

## INSTRUCTION NO. 5

### Unlawful Sexual Activity

For the purposes of the Count One (1), the following sexual acts are illegal under Kentucky law: (1) oral sex between a 15-year-old female and an adult male over the age of 21; (2) intercourse between a 15-year-old female and an adult male over the age of 21; and (3) paying money for sexual activity.

## INSTRUCTION NO. 6

### Transport in Interstate Commerce

For the purpose of Count One (1), the phrase "transports any individual in interstate commerce" means to move or carry or cause someone to be moved or carried from one state to another. It is not necessary to show that the defendant knew that state lines were being crossed. However, the government must prove beyond a reasonable doubt that state lines were crossed.

# INSTRUCTION NO. 7

## Intent Required

In order to sustain its burden of proof in Count One (1), the government must prove beyond a reasonable doubt that the defendant formed the intent to have persons engage in illegal sexual activity before the defendant transported or moved Lindsey or caused Lindsey to be transported or moved across state lines.

It is not necessary for the government to prove that the illegal sexual activity was the sole purpose for any transportation from one state to another. A person may have several different purposes or motives for such travel and each may prompt, in varying degrees, the act of making the journey.

Instead, the government must prove beyond a reasonable doubt that a significant or dominant purpose of the travel from one state to another was to have Lindsey engage in the illegal sexual activity. It is the purpose for the transportation of the minor that is the focus, not a Defendant's reasons for travel generally.

# INSTRUCTION NO. 8

**Count Two: Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence**

Title 18, United States Code, Section 924(c)(1)(A)(ii), makes it a federal crime for any person to possess and brandish a firearm in furtherance of a crime of violence. Count Two (2) of the indictment charges the Defendant, Tony Glen Harvey, with the commission of this crime.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

      (1)     That the defendant committed a crime of violence which may be prosecuted in a court of the United States;

      (2)     That the defendant knowingly possessed a firearm; and

      (3)     That the possession of the firearm was in furtherance of the crime of violence.

In the subsequent instructions, I will give you a more detailed description of some of these terms.

If you are convinced that the Government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 9

**Count Two: Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence -
Crime of Violence**

The first element for Count Two (2) requires you to find that the defendant committed a

crime of violence which may be prosecuted in a court of the United States. The "crime of violence"

the Government alleges that the defendant committed was the interstate transportation of Lindsey

on or about August 24, 2011, with the intent that she engage in sexual activity for which any person

can be charged with a criminal offense.

To find the defendant committed this crime of violence, you must be convinced that the

Government has proved each and every one of the following elements beyond a reasonable doubt:

(1)     That on or about August 24, 2011, the defendant knowingly transported

Lindsey in interstate commerce;

(2)     That when the defendant did these acts, Lindsey was less than 18 years old;

and

(3)     That at the time of the transportation, the defendant intended that Lindsey

would engage in unlawful sexual activity.

It is not necessary for the Government to prove anyone actually engaged in unlawful sexual

activity after being transported across state lines. Rather, the Government must prove beyond a

reasonable doubt that Lindsey was knowingly transported across state lines by the defendant and that

the defendant intended at the time for Lindsey to engage in unlawful sexual activity.

For the phrase "unlawful sexual activity", the following sexual acts are illegal under Kentucky law: (1) oral sex between a 15-year-old female and an adult male over the age of 21; (2) intercourse between a 15-year-old female and an adult male over the age of 21; and (3) paying money for sexual activity.

The phrase "transports any individual in interstate commerce" means to move or carry or cause someone to be moved or carried from one state to another. It is not necessary to show that the defendant knew that state lines were being crossed. However, the government must prove beyond a reasonable doubt that state lines were crossed.

For the element of intent, the government must prove beyond a reasonable doubt that the defendant formed the intent to have persons engage in illegal sexual activity before the defendant transported or moved Lindsey or caused Lindsey to be transported or moved across state lines.

It is not necessary for the government to prove that the illegal sexual activity was the sole purpose for any transportation from one state to another. A person may have several different purposes or motives for such travel and each may prompt, in varying degrees, the act of making the journey.

Instead, the government must prove beyond a reasonable doubt that a significant or dominant purpose of the travel from one state to another was to have Lindsey engage in the illegal sexual activity. It is the purpose for the transportation of the minor that is the focus, not a Defendant's reasons for travel generally.

# INSTRUCTION NO. 10

## Count Two: Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence - Knowingly Possessing a Firearm

The second element for Count Two (2) requires you to find that the defendant knowingly possessed a firearm.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

To "possess" a firearm is to have a firearm on one's person or to transport or control a firearm in a way that makes it available for immediate use while committing the violent crime.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

# INSTRUCTION NO. 11

## Count Two: Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence - In Furtherance of a Crime of Violence

The third element for Count Two (2) requires you to find that the possession of the firearm was in furtherance of the crime of violence.

The phrase "in furtherance of" means that the firearm was possessed to advance or promote the crime of violence in some way and that the firearm was strategically located so that it was quickly and easily available for use.

# INSTRUCTION NO. 12

## Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 13

### Dates in the Indictment

The indictment charges that the crimes occurred "on or about" or "in or about" certain dates. The government does not have to prove that the crimes happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

# INSTRUCTION NO. 14

## Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

# INSTRUCTION NO. 15

## Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 16

## Evidence

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under an oath, the exhibits, and the stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

# INSTRUCTION NO. 17

## Weighing the Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 18

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was.

This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how

much weight you think it deserves. You are free to believe everything that a witness said, or only

part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

# INSTRUCTION NO. 19

## Expert Witnesses

You have heard the testimony of Drs. Todd Douglas, Fred Gott, and Valerie Schultie, all of whom testified as expert witnesses. The Rules of Evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses, who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be an expert, and may also state their reasons for the opinion.

You do not have to accept these experts' opinions. In deciding how much weight to give them, you should consider the witnesses qualifications and how they reached their conclusions. Also consider the other factors discussed in the instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 20

### Character and Reputation of Defendant

You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that the defendant committed the crime charged.

# INSTRUCTION NO. 21

## Character and Reputation of Defendant for Truthfulness

You have heard testimony about the character and reputation of the defendant for truthfulness. You may consider this evidence only in deciding whether to believe the testimony of the defendant and how much weight to give it.

# INSTRUCTION NO. 22

## Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

# INSTRUCTION NO. 23

## Objections at Trial

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 24

### Notes Taken During Trial

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

# INSTRUCTION NO. 25

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 26

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 27

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.