UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:11-CR-00024-TBR

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2012 AUG 10 PM 3: 09

UNITED STATES OF AMERICA
V.
TONY GLENN HARVEY

# FORFEITURE INSTRUCTIONS

## PRELIMINARY INSTRUCTION

Members of the jury, your verdict in this case does not complete your jury service as it would in most cases because there is another matter you must now consider. Title 18, United States Code, Section 2428, states that a defendant convicted of a criminal offense shall forfeit to the Government any property, real or personal, that was used to commit or to facilitate the commission of this criminal offense. You, the jury, must now decide whether the Defendant, Tony Glenn Harvey, should forfeit his interest in certain property to the Government as part of the penalty for the crimes charged in the indictment.

In a portion of the indictment not previously discussed or disclosed to you, it is alleged that the defendant used or intended to be used certain property to commit or to facilitate the commission of his criminal act in Count One (1). In view of your verdict finding the defendant guilty of this offense, you must also decide whether his interest in the property should be forfeited to the Government.

To forfeit a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether his interest in the property should be forfeited, you should consider all the evidence you have already heard.

A copy of the forfeiture allegations of the indictment will be given to you to consider during your supplemental deliberations. It describes in particular the property allegedly subject to forfeiture to the Government.

# INSTRUCTION NO. 1

## Property to be Forfeited

The United States alleges that the defendant's interest in the following property is to be forfeited:

(1) Real property located at 1310 Blain Evans Road, Smith Grove, Barren County, Kentucky, including all buildings and improvements thereon and appurtenances thereto. The subject real property was acquired by Tony Glenn Harvey on or about November 12, 2010, by Deed of Record in Deed Book 329, Page 296 in Barren County's Clerk's Office and is more particularly described as follows:

> Unless states otherwise, a monument referred to herein as a "rebar and cap" is a set 6/8" rebar eighteen (18") in length with a plastic cap stamped "Joe Houchens, P.L.S. 2649". All bearings stated herein are referred to the magnetic meridian as observed on February 17, 2010 along the west line of the above described property:
>
> BEGINNING at a set 5/8" sucker rod with cap stamped Joe Houchens PLS # 2649 being referenced (N. 38 Deg. 54 min. 08 sec. W 22.51 feet from a 28" hickory,) (bring approximately 1.2 miles to Hwy. #1297), on the R/W of Blaine Evans Road, a corner to David Jones (Deed Book 237, page 325), THENCE with the R/W of Blaine Evans Road as it meanders:
>     N 22 deg. 36 min. 58 sec. W 12.06 feet
>     N 32 deg. 23 min 55 sec. W 51.36 feet
>     N 39 deg. 59 min. 50 sec. W 51.88 feet
>     N 46 deg. 24 min. 40 sec. W 51.38 feet
>     N 49 deg. 15 min 47 sec. W 121.21 feet
> to a set 5/8" sucker rod with cap, on the R/w of Blaine Evans Road a corner to Dorothy Bridges (Deed Book 134, page 518), THENCE with the line Bridges, N 31 deg. 49 min 58 sec. E 598.82 feet to a found corner stone being referenced (N 55 deg. 11 min. 50 sec. E 0.30 feet from a 5/8" sucker rod with cap stamped Joe Houchens PLS #2649), a corner to Bridges a corner to David Lowe (Deed Book 241, page 859), THENCE with the line of Lowe, S 63 deg. 41 min. 40 sec. E 1273.79 feet to a set 5/8" sucker rod with cap stamped Joe Houchens PLS #2649, being referenced (S 68 deg. 20 min. 01 sec. E 169 feet from a fence post) a corner to Lowe and a corner to Sue Keel et al (Deed

Book 225, page 348), THENCE with the line of Keel S 45 deg. 46 min. 29 sec. W 902.52 feet to a found fence post being referenced (S 18 deg. 52 min. 42 sec. W 0.18 feet from a set 5/8" rebar with cap stamped Joe Houchens PLS # 2649), a corner to Keel and a corner to David Jones (Deed Book 237, page 325), THENCE with the line of Jones, N. 52 deg. 17 min. 50 sec. W 779.09 feet to the POINT OF BEGINNING and CONTAINING 20.010 ACRES, more or less, according to an actual survey dated February 26, 2010 by Joe David Houchens, P.L.S. # 2649, Pride Land Surveying, Inc., plat of which is approved and recorded in Plat Book 19, Page 295 in the office of the Barren County Court Clerk, Glasgow, Kentucky

AND

(2) A white, 2007 GMC, crew cab pickup truck, bearing Ohio license plate DYD 4109.

# INSTRUCTION NO. 2

**Forfeiture of Property pursuant to Title 18, United States Code, Section 2428**

To be entitled to the forfeiture of the defendant's interest in any of the pieces of property described in Instruction Number One (1), the Government must have proved by a preponderance of the evidence that the property was used, or was intended to be used, in any manner or part to commit or to facilitate the commission of Count One (1) of the indictment.

The term "property" includes real property, including things growing on, affixed to, and found in land; as well as tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense. There must be a substantial connection between the property and the offense for you to find that the property facilitated, or was intended to facilitate the commission of the offense. But the property does not have to be essential to committing the offense, nor does the property have to have been used exclusively to commit the offense or as the exclusive means of committing the offense.

# INSTRUCTION NO. 3

## Burden on the Government

As previously stated, the Government must have proved by a preponderance of the evidence that the property was used, or was intended to be used, in any manner or part to commit or to facilitate the commission of the offenses of which the defendant has been convicted.

A "preponderance of the evidence" means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish something by a "preponderance of the evidence" simply means to prove that the claim is more likely so than not so. This standard of proof is a less stringent burden than the "beyond a reasonable doubt" standard that you applied when determining whether the defendant was guilty or not guilty.

If the Government should fail to prove any essential element by a preponderance of the evidence, you, the jury, must find in the defendant's favor.

## INSTRUCTION NO. 4

While deliberating the issue of forfeiture you must not reexamine your previous determination regarding the defendant's guilt. But all the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

# INSTRUCTION NO. 5

A Special Verdict Form has been prepared for your convenience. If you believe that the Government has met its burden with respect to the item of property listed in Instruction No. One (1), you will place an "X" on the line next to the property under the heading "YES". If you find that the Government has not met its burden with respect to the property, you will place an "X" on the line under the heading "NO".

When the foreperson has completed the form, signed and dated it, you will end your deliberations and return to the courtroom.